[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davidson v. Beathard*, Slip Opinion No. 2021-Ohio-3125.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3125

THE STATE EX REL. DAVIDSON, APPELLANT, *v*. BEATHARD, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davidson v. Beathard*, Slip Opinion No. 2021-Ohio-3125.]

*Mandamus—Petition seeking writ of mandamus to compel a trial-court judge to direct the clerk of courts to provide petitioner with a free copy of a trial transcript properly dismissed as moot because the court produced the document after the mandamus action was filed—Court of appeals' dismissal of mandamus action affirmed.*

(No. 2021-0219—Submitted August 3, 2021—Decided September 14, 2021.)

APPEAL from the Court of Appeals for Fayette County, No. CA2020-11-019, 2021-Ohio-593.

_____

**Per Curiam.**

{¶ 1} Appellant, Richard A. Davidson, appeals the Twelfth District Court of Appeals' dismissal of his mandamus petition against appellee, Judge Steven P. Beathard, as moot on the ground Judge Beathard had already performed the requested act. Davidson has also filed several motions in this appeal. We affirm the judgment of the court of appeals and deny all of Davidson's motions.

## I. Factual and Procedural Background

{¶ 2} In November 2020, while incarcerated at the London Correctional Institution, Davidson filed a mandamus action in the court of appeals, seeking an order directing Judge Beathard to provide him with a free copy of the transcript from his criminal trial. Davidson alleged that he had been denied a copy of the transcript since 2018 and that, as an indigent defendant, he had a right to obtain the transcript free of charge.

{¶ 3} Judge Beathard timely responded to Davidson's petition and agreed that Davidson was "entitled to a gratis copy" of his trial transcript. Accordingly, the court administrator and clerk of court's office were directed to serve Davidson with a copy of the transcript. Davidson admits that he subsequently received a copy of the transcript.

{¶ 4} Following his receipt of the transcript, Davidson filed a "motion for default judgment" with the court of appeals. Davidson argued that Judge Beathard's admission that Davidson was entitled to a free copy of the trial transcript showed that Davidson had been wrongfully denied a transcript for three years and that the denial of his request for a trial transcript had prejudiced his direct appeal of his conviction and his pursuit of postconviction relief. Davidson argued that he was therefore entitled to a new trial.

{¶ 5} The court of appeals dismissed Davidson's petition in mandamus as moot based on Davidson's admitted receipt of the trial transcript. The court of

appeals also denied Davidson's motion for default judgment. In February 2021, Davidson appealed to this court as of right.[1]

{¶ 6} After filing his notice of appeal with this court, Davidson filed a Civ.R. 60(B) motion for relief from judgment with the court of appeals in March 2021. The court of appeals denied the motion, after which Davidson filed a motion for leave to file a supplemental brief in this appeal, seeking to challenge the court of appeals' denial of his Civ.R. 60(B) motion. When Judge Beathard did not file an appellee brief, Davidson filed a "motion for default judgment pursuant to App.R. 18(C)," asking this court to either grant him a new trial or reopen his appeal under App.R. 26(B). Finally, Davidson has filed a motion for judicial notice under Evid.R. 201, asking us to take judicial notice of the facts he alleged in an affidavit of disqualification that he had filed against Judge Beathard.

## II. Analysis

### A. Motion for Leave to File Supplemental Brief

{¶ 7} Davidson argues that the court of appeals lacked jurisdiction to rule on his Civ.R. 60(B) motion while his appeal was pending before this court. *See Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 146-147, 637 N.E.2d 890 (1994) (an appeal divests the lower court of jurisdiction to consider a Civ.R. 60(B) motion). In his motion for leave to file a supplemental brief, Davidson asks the court to either (1) allow him to submit briefing related to the court of appeals' lack of jurisdiction to rule on his Civ.R. 60(B) motion or (2) remand to the court of appeals to reconsider his Civ.R. 60(B) motion.

---

1. Along with his notice of appeal, Davidson filed a motion to consolidate this case with case No. 2021-0222, in which he appealed the court of appeals' denial of a motion to reconsider a judgment affirming dismissal of his petition for postconviction relief. We deny Davidson's motion to consolidate as moot. On April 27, 2021, we declined to accept jurisdiction in case No. 2021-0222 and denied Davidson's motion to consolidate that case with this one. *State v. Davidson*, 162 Ohio St.3d 1439, 2021-Ohio-1399, 166 N.E.2d 1262.

**{¶ 8}** We deny Davidson's motion for leave. Whether the court of appeals properly considered Davidson's Civ.R. 60(B) motion is not at issue in this appeal. The appeal before us relates solely to the court of appeals' dismissal of Davidson's mandamus petition as moot. Briefing on the Civ.R. 60(B) issue is therefore unnecessary for us to decide this appeal.

**{¶ 9}** We also decline Davidson's request that we remand this matter to the court of appeals to reconsider its denial of the Civ.R. 60(B) motion. A motion to remand for the purpose of allowing the lower court to consider a Civ.R. 60(B) motion must be supported by good cause. *See Majnaric v. Majnaric*, 46 Ohio App.2d 157, 161, 347 N.E.2d 552 (1975), cited with approval in *Howard* at 147. In this case, Davidson's motion makes clear that his Civ.R. 60(B) motion is, in substance, a motion for reconsideration of the court of appeals' decision to deny his motion for default judgment. This circumstance does not provide good cause for remand.

*B. Motion for Default Judgment*

**{¶ 10}** When Judge Beathard did not file an appellee brief, Davidson filed a "motion for default judgment pursuant to App.R. 18(C)" with this court. We deny the motion. The Supreme Court Rules of Practice—not the Rules of Appellate Procedure—apply to appeals in this court. *See* S.Ct.Prac.R. 1.04; App.R. 1(A). And in any event, neither this court's rules of practice nor App.R. 18(C) provide for a default judgment in the appellant's favor as a consequence of an appellee's failure to file a brief. Rather, the court may accept the appellant's statement of facts and issues as correct and reverse the judgment below *if* the appellant's brief reasonably appears to sustain reversal. S.Ct.Prac.R. 16.07(B); App.R. 18(C). Even if we were to accept Davidson's statement of facts and issues as correct, his brief does not provide a basis for reversal of the court of appeals' judgment.

4

*C. Motion for Judicial Notice*

{¶ 11} Davidson asks this court to take judicial notice of the alleged fact that Judge Beathard intentionally withheld a copy of the trial transcript from him for three years, in violation of Davidson's constitutional rights. We deny Davidson's motion.

{¶ 12} "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16. Moreover, Davidson is asking this court to take judicial notice of legal conclusions and facts that are subject to reasonable dispute, which is improper. *See id.* at ¶ 17; *see also* Evid.R. 201(B).

*D. The Court of Appeals Properly Dismissed the Action*

{¶ 13} To be entitled to a writ of mandamus, Davidson had to establish (1) a clear legal right to a free copy of his trial transcript, (2) a clear legal duty on the part of Judge Beathard to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. Because Judge Beathard performed the act that Davidson requested in this action—providing him with a free copy of the trial transcript—the court of appeals correctly dismissed this action as moot. A writ of mandamus will not issue to compel an act that has already been performed. *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5.

{¶ 14} Davidson argues, however, that the court of appeals should not have dismissed his action but should have instead granted his motion for default judgment and ordered a new trial. He contends that the three-year delay in providing him with a copy of his trial transcript warrants such relief. But even if a writ of mandamus were the proper vehicle for obtaining a new trial, Davidson's

argument is without merit because there is no basis for the court of appeals to enter a default judgment.

{¶ 15} A motion for default judgment in a mandamus action is governed by Civ.R. 55. *State ex rel. Spirko v. Judges of the Court of Appeals, Third Appellate Dist.*, 27 Ohio St.3d 13, 15, 501 N.E.2d 625 (1986). A default judgment is appropriate only "against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986); *see also* Civ.R. 55(A) (a party may apply for judgment by default "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead* or otherwise defend" [emphasis added]). In this case, there was no default because Judge Beathard timely responded to Davidson's mandamus petition in the court of appeals.

### III. Conclusion

{¶ 16} The court of appeals properly dismissed this action as moot. We therefore affirm the judgment of the Twelfth District Court of Appeals and deny Davidson's motions filed with this court.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Richard A. Davidson, pro se.

_____