[Cite as *State ex rel. Foster v. Foley*, 2022-Ohio-35.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. EZRA C.
FOSTER

    Petitioner

    v.

KEITH FOLEY, WARDEN

    Respondent

C.A. No.    21CA011812

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: January 10, 2022

PER CURIAM.

{¶1}    Petitioner Ezra Foster has filed a petition for writ of habeas corpus asking this Court to order Respondent Keith Foley, Warden of Grafton Correctional Institution, to release him from prison. Because Mr. Foster's petition does not comply with the mandatory filing requirements of R.C. 2969.25, and the requirements of R.C. 2725.04, this Court must dismiss this action.

*Mandatory filing requirements*

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Foley is a government employee and Mr. Foster, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*,

106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}    Mr. Foster did not pay the cost deposit for filing this action.  He did file with his petition an affidavit of prior actions and waiver of prepayment pursuant to R.C. 2969.25.  R.C. 2969.25(C) applies when an inmate seeks a waiver of the prepayment of the filing fees, as Mr. Foster did here.  This section requires the inmate to file an affidavit of indigency.  The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the *preceding six months*, as certified by the institutional cashier[.]" (Emphasis added) R.C. 2969.25(C)(1).  Mr. Foster included the form affidavit of indigency and statement of inmate account.  That statement does not show the balance for each of the *preceding six months*, as required by R.C. 2969.25.  Instead, the statement covers the period from March through August, but Mr. Foster did not file his complaint until November.

{¶4}    As noted above, the requirements of R.C. 2969.25 are mandatory.  *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.  The Supreme Court has "consistently held that '"[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint."'"  (citations omitted) *State ex rel. Sands v. Culotta*, 158 Ohio St.3d 238, 2019-Ohio-4741, ¶ 8.  The Supreme Court has upheld the dismissal of an inmate's action where the inmate statement covered a period ending in October, but the complaint was not filed until several months later.  *Russell v. Duffey*, 142 Ohio St.3d 320, 2015-Ohio-1358, ¶ 12.  Like the inmate in *Russell*, Mr. Foster's statement of his inmate account covered the period ending in August, but he did not file his complaint until November.  Therefore, Mr. Foster failed to comply with the mandatory requirements of R.C. 2969.25(C), requiring dismissal of this action.

*Statutory Habeas Corpus requirements*

**{¶5}** Mr. Foster also failed to comply with the statutory requirements for filing a petition for habeas corpus. R.C. 2725.04 imposes requirements on a petition for habeas corpus, including that the commitment papers be attached and that the petition be verified. In this case, we focus on the verification requirement.

**{¶6}** The Ohio Supreme Court has held that a petition filed without any verification must be dismissed. *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001). "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 327. To meet the verification requirement, Mr. Foster must have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328.

**{¶7}** Here, however, Mr. Foster simply signed the petition. This does not rise to the level of a "formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does." *Id.* at 327, *citing Youngstown Steel Door Co. v. Kosydar*, 33 Ohio App.2d 277 (8th Dist.1973). Mr. Foster did not make a formal declaration by which he swore to the truth of the statements in the document. *See Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 35. Because the petition is not verified, it is defective and must be dismissed.

*Conclusion*

**{¶8}** Because Mr. Foster did not comply with the mandatory requirements of R.C. 2969.25, or the requirements of R.C. 2725.04, this case is dismissed. Costs are taxed to Mr.

Foster. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

EZRA C. FOSTER, Pro se, Petitioner.