[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Foster v. Foley*, Slip Opinion No. 2022-Ohio-3168.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3168

THE STATE EX REL. FOSTER, APPELLANT, *v.* FOLEY, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Foster v. Foley*, Slip Opinion No. 2022-Ohio-3168.]

*Habeas corpus—Inmate account statement submitted with petition does not comply with R.C. 2969.25(C), and petition fails to comply with R.C. 2725.04's requirement that a habeas petition be verified—Court of appeals' dismissal of petition affirmed.*

(No. 2022-0186—Submitted July 12, 2022—Decided September 13, 2022.)

APPEAL from the Court of Appeals for Lorain County, No. 21-CA-011812, 2022-Ohio-35.

_____

**Per Curiam.**

{¶ 1} Appellant, Ezra C. Foster, appeals the Ninth District Court of Appeals' dismissal of his petition for a writ of habeas corpus.  Foster has also filed

a "motion seeking consequences" for appellee Keith Foley's failure to file a brief in this appeal. We affirm the court of appeals' judgment and deny Foster's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Foster is currently incarcerated at the Grafton Correctional Institution, where Foley is the warden. Foster was convicted in 1989 of five counts of aggravated rape and sentenced to an aggregate prison term of 20 years to life. He was released on parole in May 2016 after serving 27 years. One of the conditions of Foster's parole was that he have "no unsupervised contact with minors [and] supervising adults [had to] be approved" by the Ohio Adult Parole Authority ("APA").

{¶ 3} On February 1, 2021, Foster was arrested by his APA supervising officer for having unsupervised contact with a minor on two occasions in January 2021. A parole-revocation hearing was held on March 24, 2021. Foster was found guilty of the charged violations and ordered to serve 36 months in prison before again becoming eligible for parole.

{¶ 4} On November 9, 2021, Foster filed a petition for a writ of habeas corpus in the court of appeals. Foster sought immediate release from prison, alleging that his parole-revocation hearing had not been held within the time prescribed by an Ohio Department of Rehabilitation and Correction policy. Foster attached a signed verification to his petition, but his signature was not notarized. Foster also attached to his petition an affidavit of indigency and an inmate account statement, as required by R.C. 2969.25(C) for inmates who (like Foster) seek a waiver of filing fees. The inmate account statement filed by Foster covered the period of February 1 through August 26, 2021.

{¶ 5} The court of appeals sua sponte dismissed Foster's petition, finding that it failed to comply with the requirements of R.C. 2969.25(C) and 2725.04. 2022-Ohio-35, ¶ 1. Foster's inmate account statement failed to comply with R.C. 2969.25(C) because it did not cover the six-month period preceding the filing of

Foster's habeas petition. And Foster's petition was not verified under R.C. 2725.04, because it was unsworn.

{¶ 6} Foster appealed to this court as of right.

## II. ANALYSIS

### A. Foster's Motion

{¶ 7} Because Foley did not file a merit brief in this appeal, Foster has filed a "motion seeking consequences of not filing a brief." Foster asks that this court accept his statement of facts and issues as correct and reverse the court of appeals' judgment.

{¶ 8} Under S.Ct.Prac.R. 16.07(B), we may accept an appellant's statement of facts and issues as correct and reverse the judgment below *if* the appellant's merit brief reasonably appears to sustain reversal. *State ex rel. Davidson v. Beathard*, 165 Ohio St.3d 558, 2021-Ohio-3125, 180 N.E.3d 1105, ¶ 10. But even if we were to accept Foster's statement of facts and issues as correct, his brief does not provide a basis for reversal of the court of appeals' judgment. We therefore deny the motion.

### B. Dismissal of Foster's Petition

{¶ 9} This court reviews de novo a court of appeals' dismissal of a habeas corpus petition. *State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, ¶ 6.

{¶ 10} An inmate seeking a waiver of the court's filing fees when commencing a civil action against a governmental entity or employee in a court of common pleas, court of appeals, county court, or municipal court must file with his complaint an affidavit stating that he is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. R.C. 2969.25(C). The affidavit must contain (1) a statement setting forth the balance of the inmate's institutional account for each of the preceding *six* months and (2) a statement that sets forth all other cash and things of value owned by the inmate. *Id*. Noncompliance with these

requirements is a proper basis for dismissal of the action. *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 5.

{¶ 11} Foster's inmate account statement does not comply with the statute, because it does not cover the *six* months preceding the filing of his petition; the statement omits the two months immediately preceding the filing of the petition. This defect was a proper basis for dismissal. *See Russell v. Duffey*, 142 Ohio St.3d 320, 2015-Ohio-1358, 29 N.E.3d 978, ¶ 12.

{¶ 12} Likewise proper was dismissal of Foster's petition for failing to comply with R.C. 2725.04's requirement that a habeas petition be verified. To be properly verified, a declaration must be sworn in the presence of an authorized officer, such as a notary public. *See Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001). Foster's declaration is unsworn, rendering his petition fatally defective. *See Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893, 809 N.E.2d 1145, ¶ 4.

{¶ 13} Foster challenges the verification requirement, arguing that it conflicts with Civ.R. 11, which states that pleadings need not be verified except when otherwise required by the Rules of Civil Procedure. This argument is without merit. Civ.R. 1(C) provides that the Rules of Civil Procedure "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings." R.C. Chapter 2725 prescribes a statutory proceeding for bringing a habeas action. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-609, 653 N.E.2d 659 (1995). And though all civil rules are not "clearly inapplicable" in habeas actions, the verification requirement in R.C. 2725.04 takes precedence over the conflicting provision of Civ.R. 11. *See id.* at 609 (holding that court of appeals should have proceeded under R.C. Chapter 2725 procedure rather than dismissing action under the Rules of Appellate Procedure).

{¶ 14} Foster also relies on *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, in which we chose not to dismiss a habeas petition

4

despite the petition's failure to comply with the verification requirement. *See id.* at ¶ 37-38. Because the petition in that case included "a stipulation of the parties agreeing to all the pertinent facts," we refrained from invoking the general rule requiring dismissal and reached the merits of the petition. *Id.* at ¶ 38. Foster says that a similar result is appropriate here because Foley failed to file an answer or otherwise appear and thereby admitted the facts alleged in the habeas petition.

{¶ 15} Foster's analogy to *Watkins* is without merit. In *Watkins*, we refrained from dismissing the petition because stipulated facts accompanied the petition filed in that case. *Id.* at ¶ 27, 38. In contrast, Foster did not attach to his petition any such substitute for the verification. Moreover, Foster's premise is incorrect: Foley could not be deemed to have admitted allegations in the petition, because the court of appeals never ordered a return of writ.

{¶ 16} For the foregoing reasons, the court of appeals correctly found Foster's petition to be procedurally defective under R.C. 2969.25(C) and 2725.04. Dismissal was therefore proper.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Ezra C. Foster, pro se.

_____