[Cite as *Avalon Test Equip. Leasing, Inc. v. Emerald Design Constr., L.L.C.*, 2023-Ohio-1375.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AVALON TEST EQUIPMENT      :
LEASING, INC.,

     :

         Plaintiff-Appellee,

     :            No. 112186

         v.

     :

EMERALD DESIGN &     
CONSTRUCTION, LLC,      :

         Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
PART AND REMANDED
**RELEASED AND JOURNALIZED:** April 27, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-959627

---

### *Appearances:*

Clark Hill PLC and Anthony A. Agosta, *for appellee.*

Forbes Law LLC and Glenn E. Forbes, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *E.g., Univ. Hts. v. Johanan*, 8th Dist. Cuyahoga No. 110887, 2022-Ohio-2578, ¶ 1; *State v. Trone*, 8th

Dist. Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1; *see also* App.R. 11.1(E).

{¶ 2} Defendant-appellant Emerald Design & Construction, LLC ("Emerald") appeals the default judgment entered against it on plaintiff-appellee Avalon Test Equipment Leasing, Inc.'s ("Avalon") complaint and the denial of Emerald's motion to dismiss that complaint. For the reasons that follow, we affirm the denial of Emerald's motion to dismiss and reverse the default judgment.

## I.    Factual Background and Procedural History

{¶ 3} On February 15, 2022, Avalon filed a complaint "for entry of consent judgment," alleging that Emerald breached a settlement agreement the parties had executed to terminate previous litigation in which they were involved, that being Cuyahoga C.P. No. CV-20-932105. Avalon further alleged that the settlement agreement required Emerald to make ten monthly payments of $7,500 starting in June 2021 and that Emerald had failed to make all but the first payment. Avalon alleged that the settlement agreement provided that if Emerald failed to abide by the payment terms, Avalon "would have the right to enter a consent judgment in the full amount" of Avalon's original claim in the previous litigation — $129,926.95 — less any payments made under the settlement agreement. Avalon requested that the trial court enter a consent judgment in the amount of $122,426.95.

{¶ 4} Avalon filed a U.S. Postal Service certified mail receipt documenting that its complaint was delivered to Emerald on February 22, 2022. Emerald did not answer the complaint.

**{¶ 5}** On April 6, 2022, Avalon filed an application for default judgment.

**{¶ 6}** On June 8, 2022, the trial court entered an order setting a default hearing for June 23, 2022. The entry informed the parties that "if Defendant(s) answer before this date or appear at the default hearing, the default hearing will be converted into a case management conference" and warned that "the failure of any defendant to call [into the hearing on time] will result in the court proceeding with default judgment * * *." The entry also ordered Avalon to file additional information, including an affidavit and proof regarding damages and a "copy of letter to defendant(s) re hearing and that judgment may be rendered."

**{¶ 7}** On June 14, 2022, Avalon filed a revised motion for default judgment attaching the additional information the court had ordered be presented.

**{¶ 8}** On June 22, 2022 — the day before the default hearing — Emerald filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing that there is no cause of action for "entry of [a] [c]onsent [j]udgment" and that the trial court lacked jurisdiction to enforce the settlement agreement. Avalon filed an opposition to the motion.

**{¶ 9}** On November 2, 2022, the trial court denied Emerald's motion to dismiss and granted Avalon's motion for default judgment. The court's journal entry stated as follows, in relevant part:

> The case before the court is an independent action for breach of contract related to the settlement agreement. It is appropriate for the court to consider the merits. See, in part, *William Silverman & Co. v. Robert Carter & Assocs.*, 8th Dist. Cuyahoga Nos. 49307 and 49491, 1985 Ohio App. LEXIS 8200 (June 27, 1985). As such, Defendant's

motion to dismiss is denied. The court grants plaintiff's motion for default judgment and enters judgment as follows: Judgment is entered in favor of Plaintiff and against Defendant in the amount of $122,426.95 plus statutory interest from the date of judgment and costs. Final.

{¶ 10} Emerald appealed and raises the following two assignments of error for review:

> First Assignment of Error: The Trial Court erred in denying Emerald's Motion to Dismiss.

> Second Assignment of Error: The Trial Court erred in granting Default Judgment without setting a hearing under Civil Rule 55.

## II. Law and Analysis[1]

### A. Motion to Dismiss

{¶ 11} We review rulings on Civ.R. 12(B)(6) motions to dismiss under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." (Citation omitted.) *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). "For a trial court to grant a motion to

---

[1] Avalon attached ten exhibits to its appellate brief, largely consisting of documents filed in the trial court during the course of the two litigation matters involving the parties. Emerald did not move to strike the exhibits but we note that we considered only the record on appeal in reaching our decision in this matter; we did not consider the exhibits attached to Avalon's appellate brief. *See* App.R. 9(A); *see also Green v. Zep Inc.*, 10th Dist. Franklin No. 19AP-477, 2020-Ohio-3896, ¶ 25. ("[R]eviewing courts are not to consider information that is not part of the trial court record and does not meet the requirements of App.R. 9(A).").

dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [the plaintiff] to relief.'" *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.), quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.). A court's factual review is generally confined to the four corners of the complaint. *See, e.g.*, *Dabney v. Metro Appraisal Group, Inc.*, 8th Dist. Cuyahoga No. 106917, 2018-Ohio-4601, ¶ 15.

{¶ 12} Emerald contends that there is no cause of action for "entry of [a] [c]onsent [j]udgment" and that the trial court lacked jurisdiction to enforce the settlement agreement because the settlement agreement was not incorporated into the entry in the original litigation dismissing the case with prejudice. Stated differently, Emerald's position is that no trial court can enforce the settlement agreement between the parties because the agreement was not incorporated into the original trial court's dismissal entry terminating the previous litigation between them. That position is meritless.

{¶ 13} A trial court's retention of jurisdiction to enforce a settlement agreement "provides the most efficient means of enforcing the agreement" by "keep[ing] the matter in the court most familiar with the parties' claims" and "keep[ing] the parties from having to file another action." *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 25. But, as Avalon correctly points out, a settlement agreement may also "be enforced through a separate action for breach of contract." *E.g., Superior Piping*

*Contrs., Inc. v. Reilly Industries*, 8th Dist. Cuyahoga No. 90751, 2008-Ohio-4858, ¶ 14.

{¶ 14} Here, the trial court correctly read Avalon's complaint as stating an "independent action for breach of contract related to the settlement agreement" and correctly concluded that "[i]t is appropriate for the court to consider the merits" of that claim. Courts "look to the substance of the complaint, not the caption, to determine the nature of the cause being pleaded." *Granite City Ctr., LLC v. Bd. of Trustees*, 11th Dist. Trumbull No. 2020-T-0083, 2021-Ohio-1458, ¶ 23, citing *Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78, 80, 742 N.E.2d 127 (2001). Because Avalon stated a claim for breach of contract, the trial court correctly denied Emerald's motion.

{¶ 15} We, therefore, overrule Emerald's first assignment of error.

## B. Default Judgment

{¶ 16} We review a trial court's ruling on a motion for default judgment for abuse of discretion. *See, e.g.*, *Caldwell v. Active Time L.L.C.*, 8th Dist. Cuyahoga No. 108561, 2019-Ohio-4069, ¶ 7; *Melling v. Scott*, 8th Dist. Cuyahoga No. 103007, 2016-Ohio-112, ¶ 28. A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *See, e.g.*, *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 36, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217,

219, 450 N.E.2d 1140 (1983). "An abuse of discretion also occurs when a court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.""" *Cleveland v. Wanton*, 8th Dist. Cuyahoga No. 109828, 2021-Ohio-1951, ¶ 8, quoting *S. Euclid v. Datillo*, 2020-Ohio-4999, 160 N.E.3d 813, ¶ 8 (8th Dist.), quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 17} Civ.R. 55(A) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor" and that a default judgment may then be entered against the defaulting party (provided certain conditions are met).

{¶ 18} The phrase "otherwise defend" is not defined in the Civil Rules but our court addressed its meaning in *Reese v. Proppe*, 3 Ohio App.3d 103, 443 N.E.2d 992 (8th Dist.). We held that "'[t]he words "otherwise defend" refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.'" *Reese* at 106, quoting *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir.1949). We reasoned that "[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims." *Reese* at 105. The Supreme Court

adopted this reasoning in *Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121–122, 502 N.E.2d 599 (1986).

{¶ 19} "A default judgment is appropriate only 'against a defendant who has failed to timely plead in response to an affirmative pleading.'" *State ex rel. Davidson v. Beathard*, 165 Ohio St.3d 558, 2021-Ohio-3125, 180 N.E.3d 1105, ¶ 15, quoting *Ohio Valley Radiology Assocs.* at 121.

{¶ 20} The timely filing of a Civ.R. 12(B)(6) motion normally precludes default judgment. *See Reese* at 106; *JPMorgan Chase Bank v. Swan*, 6th Dist. Lucas No. L-13-1064, 2014-Ohio-999, ¶ 21; *Copeland v. Summit Cty. Probate Court*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 7; *Bank of Am., N.A. v. Smith*, 1st Dist. Hamilton No. C-170654, 2018-Ohio-3638, ¶ 20; *but see Discover Bank v. Schiefer*, 10th Dist. Franklin No. 09-AP-1178, 2010-Ohio-2980, ¶ 9 (where a defendant filed a motion that "consist[ed] of only a few sentences and a list of attached exhibits" and did not respond to the allegations in the complaint or challenge the jurisdiction of the trial court, the motion did not constitute "otherwise defending").

{¶ 21} Emerald filed its Civ.R. 12(B)(6) motion to dismiss four months after service of Avalon's complaint. This far exceeds the 28 days Emerald had to file an answer to the complaint — Civ.R. 12(A) — and Emerald offered no explanation for the delay. But, after Avalon filed its motion for default judgment, the trial court expressly provided Emerald the opportunity to avoid a default by appearing in the matter before June 23, 2023. Specifically, it set a default hearing and ordered that "if Defendant(s) answer before this date or appear at the default hearing, the default

hearing will be converted into a case management conference." Emerald filed its motion the day before the hearing.

{¶ 22} While the trial court was correct to deny the motion to dismiss, Emerald should have been allowed 14 days after notice of that denial to file its answer to the complaint pursuant to Civ.R. 12(A)(2). The trial court instead granted Avalon a default judgment contemporaneously with its denial of the motion to dismiss. Under these circumstances, where Emerald appeared in the case before the trial court's deadline to avoid default, we find that the trial court's decision to grant Avalon a default judgment was an abuse of discretion. *See Smith* at ¶ 20 ("[T]he trial court abused its discretion by adopting the magistrate's decision and granting a default judgment to Bank of America, N.A., where the magistrate, immediately upon denying the motion to dismiss, had granted the motion for default judgment without giving the Smiths the required 14 days to answer.").

{¶ 23} Avalon's argument that Emerald cannot appeal the default judgment because it did not file a Civ.R. 60(B) motion to vacate the judgment is meritless. The default judgment was a final, appealable order.

{¶ 24} We, therefore, sustain Emerald's second assignment of error.

## III. Conclusion

{¶ 25} Having overruled Emerald's first assignment of error for the reasons stated above, we affirm the denial of Emerald's motion to dismiss. Having sustained Emerald's second assignment of error for the reasons stated above, we reverse the

default judgment and remand this matter to the trial court for further proceedings consistent with this opinion and the Civil Rules.

It is ordered that the appellant and the appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR