[Cite as *Hayes v. Baldwin*, 2024-Ohio-928.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sharieff Hayes, | : | |
| | : | |
| Petitioner, | : | No. 23AP-685 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Sheriff, Dallas Baldwin, | : | |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 12, 2024

**On brief:** *Sharieff Hayes*, pro se.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

EDELSTEIN, J.

{¶ 1} Petitioner, Sharieff Hayes, filed this original action requesting this court to issue a writ of habeas corpus. Mr. Hayes alleges he is being unlawfully detained without bail by respondent, Franklin County Sheriff Dallas Baldwin.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred the matter to a magistrate of this court. On November 29, 2023, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we *sua sponte* dismiss Mr. Hayes's complaint for a writ of habeas corpus. The magistrate found that Mr. Hayes (1) failed to comply with R.C. 2969.25(A) by filing an affidavit of prior civil actions, and (2) failed to either pay the filing fee for commencement of this action or provide an affidavit of indigency that complies with R.C. 2969.25(C).

**{¶ 3}**   No objections to that decision have been filed.  If no timely objections are filed, we may adopt a magistrate's decision unless we determine there is an error of law or other defect evident on the face of the decision.  *See* Civ.R. 53(D)(4)(c).

**{¶ 4}**   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.  In accordance with the magistrate's decision, we *sua sponte* dismiss Mr. Hayes's petition for a writ of habeas corpus.[1]

*Case dismissed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

———————————

[1] As noted by the magistrate, our dismissal of the action renders moot Mr. Hayes's "Motion for Supplemental Pleading of Injunction" and "Preliminary or Mandatory Injunction." (*See* Nov. 29, 2023 Mag.'s Decision at 8.)

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sharieff Hayes, | : | |
| Petitioner, | : | |
| v. | : | No. 23AP-685 |
| | : | |
| Sheriff, Dallas Baldwin, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 29, 2023

*Sharieff Hayes,* pro se.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

**{¶ 5}** Petitioner, Sharieff Hayes, has filed a pro se petition for a writ of habeas corpus. In his petition, petitioner seeks immediate release and alleges he is being unlawfully detained without bail by respondent, Franklin County Sheriff Dallas Baldwin. Because petitioner has failed to comply with the inmate filing requirements in R.C. 2969.25, his complaint must be dismissed.

**I. Findings of Fact**

**{¶ 6}** 1. Petitioner is the defendant in *State of Ohio v. Hayes*, Franklin C.P. No. 20CR-3511 ("Case No. 20CR-3511").[2] Petitioner is currently confined at the Franklin County Corrections Center II, a county jail located on Jackson Pike in Columbus, Ohio.

---

[2] A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a

{¶ 7} 2. Respondent Dallas Baldwin is an elected official currently serving as Sheriff of Franklin County.

{¶ 8} 3. Earlier this year, petitioner filed two appeals from Case No. 20CR-3511 to this court. In both cases, this court dismissed petitioner's appeals for lack of a final appealable order. *State of Ohio v. Hayes*, 10th Dist. No. 23AP-481 (Aug. 10, 2023 Journal Entry of Dismissal); *State of Ohio v. Hayes*, 10th Dist. No. 23AP-536 (Sept. 12, 2023 Journal Entry of Dismissal).

{¶ 9} 4. On September 21, 2023, petitioner filed a complaint in this court requesting a writ of mandamus/procedendo in Case No. 23AP-562. In the alternative, petitioner requested a writ of habeas corpus.

{¶ 10} 5. On November 13, 2023, petitioner commenced this original action by filing a petition for writ of habeas corpus.

{¶ 11} 6. In his petition, petitioner states the following with regard to bail or bond hearings in Case No. 20CR-3511:

> I have been detained without bail since my first bond hearing that was scheduled and heard with the assistance of counsel on June 28, 2023, and my most recent pro se bond hearing that was scheduled and heard on August 23, 2023. * * * My bond was revoked under the judicial discretion of presiding Judge Phipps on May 15, 2023, however, there is no journal entry of record in compliance with Franklin Cty. Gen. Div. LR 25 in support of Judge Phipps order to revoke my bond on May 15, 2023, or any orders denying bond/bail on June 28, 2023 nor August 23, 2023 bond hearings.

(Petition at 1-2.) Petitioner states that a "review of the court docket for criminal case No. 20CR-3511 reveals no journal entry/order from Judge Phipps in compliance with Franklin Cty. Gen. Div. LR 25, * * * which would constitute a final appealable order as provided in O.R.C. 2937.222(D)(1), and grant Sheriff Dallas Baldwin the authority to detain me without bail." (Petition at 2.)

{¶ 12} Regarding the rights implicated, petitioner states:

---

publicly accessible website); *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) ("Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' "); Evid.R. 201(B). Based on the foregoing, it is appropriate in this instance to take judicial notice of the docket of the common pleas court in Case No. 20CR-3511.

> Denial of a reasonable bail or detention without a bail altogether violates my right to due process of the law and equal protection, and to be protected from excessive bail or cruel an[d] unusual punishment as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Section 9, 10, and 16, Article 1 of the Ohio Constitution. Also, my current detention without bail is a contravention of Section 9, Article 1, of the Ohio Constitution, and lack of journal entries granting the order revoking my bond related May 15, 2023, and the orders denying bond reinstatement/denial of bail related to June 28, 2023 or August 23, 2023 from trial Judge Phipps in compliance with Franklin Cty. Gen. Div. LR 25 also contravenes the above-mentioned state and federal constitutions as well as O.R.C. 2937.222 (A)(B), which is required in order to deny an accused person bail who is charged with a first or second degree felony and O.R.C. 2937.222 (D)(1) in which a journal entry of an order denying bail would constitute a final appealable order.

(Petition at 2-3.) Therefore, petitioner asserts his "current detention without bail by Sheriff Dallas Baldwin in Franklin County Corrections Center 2 is unlawful" and "petition[s] this Court to grant [his] immediate release * * * by order of reinstating my previously set bond release, or by order of a personal recognizance bond release, or by order of whatever release conditions this Court deems necessary under O.R.C. 2725.18." (Petition at 4-5.)

{¶ 13} 7. Attached to his petition, petitioner filed a document on November 13, 2023 labeled "FINANCIAL DISCLOSURE FORM." In the form, which was signed by petitioner on November 13, 2023, petitioner states the following: "I, Sharieff Hayes, * * * am financially unable to retain private counsel without substantial hardship to me or my family." (Nov. 13, 2023 Financial Disclosure Form at 2.) The form, which contains sections for the filer to indicate income, expenses, employer, and assets, does not reflect any information in the aforementioned sections. Hayes has not paid the filing fee for the commencement of this action.

{¶ 14} 8. On November 20, 2023, petitioner filed in this case a document captioned "Preliminary or Mandatory Injunction," in which petitioner characterized the document as an "Injunction complaint/petition." (Nov. 20, 2023 Document at 6.) Petitioner requested oral argument in this document.

{¶ 15} 9. On November 20, 2023, petitioner also filed a "Motion For Supplemental Pleading of Injunction." (Nov. 20, 2023 Mot. at 1.)

## II. Discussion and Conclusions of Law

{¶ 16} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 17} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5.

{¶ 18} With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with

the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

{¶ 19} R.C. 2969.21 provides definitions applicable to R.C. 2969.25. R.C. 2969.21(B) defines what actions and appeals constitute a "civil action or appeal against a government entity or employee" as follows:

(1) "Civil action or appeal against a government entity or employee" means any of the following:

(a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;

(b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.

(2) "Civil action or appeal against a governmental entity or employee" does not include any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court.

R.C. 2969.21(B). The term "inmate" is defined under the statute as "a person who is in actual confinement in a state correctional institution or in a *county*, multicounty, municipal, municipal-county, or multicounty-municipal *jail* or workhouse or a releasee who is serving a sanction in a violation sanction center." (Emphasis added.) R.C. 2969.21(D). The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or *a similar*

*account maintained by a sheriff or any other administrator of a jail* or workhouse or by the administrator of a violation sanction center." (Emphasis added.) R.C. 2969.21(E).

{¶ 20} Substantial compliance with the requirements of R.C. 2969.25(A) and (C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, ___ Ohio St.3d. ___, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 21} Here, because petitioner is in actual confinement in a county jail, petitioner is an inmate as that term is defined in R.C. 2969.21(D). *See Williams v. Fischer*, 2d Dist. Greene No. 2007-CA-55, 2007-Ohio-5878, ¶ 9, quoting R.C. 2969.21(D) (stating in a habeas corpus action that "[t]hough [the petitioner] had been a parolee prior to his arrest by the Xenia Police and incarceration in the Greene County Jail, he was an inmate at the time he filed his petition because he was 'in actual confinement * * * in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail' "); *State v. Williams*, 12th Dist. No. CA2005-11-030, 2006-Ohio-5660, ¶ 17, fn. 1 (stating that "R.C. 2969.21(D) defines an 'inmate' as 'a person who is in actual confinement,' and specifically includes a county jail"); *State ex rel. Rohrig v. Turner*, 10th Dist. No. 23AP-452, 2023-Ohio-4279. Furthermore, this action in habeas corpus is a civil action as that term is defined in R.C. 2969.21(B). *See Fuqua* at paragraph one of the syllabus ("A habeas corpus

action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action.").

{¶ 22} On September 21, 2023, prior to the filing of this habeas corpus action, petitioner filed a complaint in this court in Case No. 23AP-562 requesting a writ of mandamus/procedendo, or, in the alternative, a writ of habeas corpus.[3] Petitioner has failed to provide an affidavit of prior civil actions in this action. *See State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, ¶ 3 (stating that a "mandamus case is a civil case for purposes of R.C. 2969.21(B)(1)(a), which addresses inmate actions against government entities"); *State ex rel. Bey v.* [*Ohio*] *Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 10, *aff'd* 166 Ohio St.3d 497, 2022-Ohio-236; *Fuqua* at ¶ 7 (stating that "under Ohio law, state writ actions are civil actions."). Because petitioner has failed to provide an affidavit listing his prior civil action in Case No. 23AP-562 that was filed in the previous five years, his petition is subject to dismissal for failure to comply with R.C. 2969.25(A). *Westerfield v. Bracy*, 171 Ohio St.3d 803, 2023-Ohio-499, ¶ 9 (stating that "[a]n affidavit that lists some, but not all, prior actions does not comply with R.C. 2969.25(A)").

{¶ 23} Additionally, regardless of any issue concerning compliance with R.C. 2969.25(A), petitioner has not provided an affidavit of indigency in compliance with R.C. 2969.25(C). Hayes has not paid the filing fee for the commencement of this habeas corpus action. The financial disclosure form submitted by petitioner with his habeas corpus petition does not contain a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier" as required by R.C. 2969.25(C)(1). *See* R.C. 2969.21(E) (defining "inmate account" to include an "account maintained by a sheriff or any other administrator of a jail"). The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. *See State ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, ¶ 2. Thus,

---

[3] Petitioner named the state of Ohio in the caption of his complaint in Case No. 23AP-562. Petitioner also named the Honorable Karen Phipps, judge of the Franklin County Court of Common Pleas, General Division, in the body of the complaint.

petitioner's habeas corpus petition is also subject to dismissal for failing to comply with R.C. 2969.25(C).

**{¶ 24}** Because petitioner has failed to fully comply with the inmate filing requirements in R.C. 2969.25, this action must be dismissed. *Westerfield* at ¶ 10; *Roden* at ¶ 8; *McGlown*, 2015-Ohio-1554, at ¶ 9. Finally, although petitioner's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.

**{¶ 25}** Accordingly, it is the decision and recommendation of the magistrate that petitioner's habeas corpus petition should be dismissed sua sponte. Petitioner's November 20, 2023 "Motion For Supplemental Pleading of Injunction" is therefore rendered moot.[4] Furthermore, to the extent petitioner's November 20, 2023 document captioned "Preliminary or Mandatory Injunction" is construed as a motion, such motion is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.

---

[4] *See also Wright v. Ghee*, 74 Ohio St.3d 465, 466 (1996) (affirming "court of appeals' dismissal of the complaint for declaratory judgment and injunction, as courts of appeals lack jurisdiction in these causes").