[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.,* Slip Opinion No. 2020-Ohio-408.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-408

THE STATE EX REL. RODEN, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.,* Slip Opinion No. 2020-Ohio-408.]

*Mandamus—Inmate failed to submit statement of inmate account required by R.C. 2969.25(C)(1)—Court of appeals' dismissal of complaint affirmed.*

(No. 2019-0719—Submitted October 22, 2019—Decided February 11, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-908.

_____

**Per Curiam.**

{¶ 1} Appellant, Steven R. Roden, appeals the Tenth District Court of Appeals' dismissal of his petition for a writ of mandamus against appellee, Ohio Department of Rehabilitation and Correction ("DRC").  For the reasons explained below, we affirm the judgment of the court of appeals.

**Background**

**{¶ 2}** In November 2018, Roden, an inmate at the Noble Correctional Institution, filed a petition in the Tenth District seeking a writ of mandamus ordering the DRC to "aggregate [his] prison terms in a manner consistent with the law." The Tenth District referred the case to a magistrate. In December 2018, the magistrate recommended that the court dismiss the complaint sua sponte because Roden had failed to comply with R.C. 2969.25(C)(1), which provides that when an inmate files in the court of appeals a civil action against a government entity or employee and seeks waiver of the filing fees, the inmate must file an affidavit containing "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

**{¶ 3}** In April 2019, the Tenth District overruled Roden's objection, adopted the magistrate's decision, and dismissed Roden's petition. The court of appeals noted:

> * * * Roden objects to [the magistrate's] decision, arguing that he did submit a qualifying statement of account with his petition. A review of the docket, however, indicates that he attached only a 2017 journal entry from the Cuyahoga County Court of Common Pleas and a 2017 chart from [the DRC] to his petition. No statement of account was attached to his petition.

**{¶ 4}** Roden appealed as of right, arguing, among other things, that the court of appeals erred because he had in fact filed with his petition an inmate-account statement that substantially complies with the requirements of R.C. 2969.25(C).

**Analysis**

**{¶ 5}** The record shows that with his petition, Roden filed an affidavit seeking to waive prepayment of filing fees and an affidavit of indigency. Roden's affidavit of indigency includes a cashier's statement listing the balance in his inmate account as of October 18, 2018, the total amount he had earned through state pay for the preceding six months, and the total amount he had spent in his commissary during the same period. Therefore, contrary to the above-quoted assertion in the Tenth District's decision, Roden submitted more than a 2017 journal entry and DRC chart with his petition.

**{¶ 6}** Nevertheless, Roden failed to comply with all the requirements of R.C. 2969.25(C)(1). Specifically, Roden's affidavit of indigency does not include a statement setting forth the balance in his inmate account for *each* of the preceding six months.

**{¶ 7}** We have long held that compliance with R.C. 2969.25(C)(1) is " 'mandatory and failure to comply * * * subjects an inmate's action to dismissal.' " (Ellipsis sic.) *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 5, quoting *State ex rel. v. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *see also State ex rel. Swain v. Adult Parole Auth.*, 151 Ohio St.3d 552, 2017-Ohio-9175, 90 N.E.3d 936, ¶ 2 ("Noncompliance with the mandatory requirements of R.C. 2969.25 is fatal to a complaint for a writ of mandamus and warrants dismissal of the inmate's action").

**{¶ 8}** In addition, "R.C. 2969.25(C) does not permit substantial compliance." *State ex rel. v. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 7, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. Therefore, we have affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1). *See, e.g., State ex rel. Muhammad v. State*, 10th Dist. Franklin No. 11AP-892, 2012-Ohio-2220, ¶ 5 (cashier's statement submitted with

the inmate's complaint failed to satisfy R.C. 2969.25(C)(1)), *aff'd*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296; *Rogers v. Eppinger*, 154 Ohio St.3d 189, 2018-Ohio-4058, 112 N.E.3d 902, ¶ 12 ("court of appeals properly dismissed [the appellant's] petition for failure to attach the statement of his inmate account that is required by R.C. 2969.25(C)"); *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389 (affirming dismissal when inmate's affidavit of indigency failed to include a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier).

{¶ 9} The court of appeals therefore correctly dismissed Roden's complaint for his failure to submit the statement of inmate account required by R.C. 2969.25(C)(1).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, and STEWART, JJ., concur.

DONNELLY, J., dissents.

FRENCH, J., not participating.

_____

Steven R. Roden, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for appellee.

_____

4