[Cite as *State ex rel. Banks v. Doe*, 2021-Ohio-467.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO EX REL. DAJUAN
BANKS

      Petitioner

      v.

JOHN JANE DOE, WILLOUGHBY
MUNICIPAL COURT, ET AL.

      Respondents

C.A. No.     21CA011716

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: February 22, 2021

PER CURIAM.

{¶1} Petitioner DaJuan Banks has filed a petition for writ of habeas corpus asking this Court to order Respondent Keith Foley, Warden of Grafton Correctional Institution, to release him from prison. Respondent Judge Richard Collins, Jr., as successor to named-Respondent Judge Patrick Condon, has moved to dismiss. Because Mr. Banks' petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. All of the named respondents are government employees and Mr. Banks, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C.

2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Banks failed to comply with two requirements.

{¶3} First, an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include a "brief description of the nature of the civil action. R.C. 2969.25(A)(1). It must also include the "case name, case number, and the court in which the civil action was brought," R.C. 2969.25(A)(2), and the "name of each party to the civil action or appeal[.]" R.C. 2969.25(A)(3). Finally, the affidavit must set forth the "outcome of the civil action or appeal[.]" R.C. 2969.25(A)(4).

{¶4} Mr. Banks' affidavit of prior actions does not comply with most of these requirements. He did not set forth the case name or the parties for each action. He also failed to set forth the outcome of each civil action or appeal. Because his affidavit or prior actions or appeals is defective, this Court must dismiss this action.

{¶5} Second, an inmate seeking waiver of filing fees, as Mr. Banks is here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Supreme Court construes these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6. Mr. Banks' affidavit only sets forth that he works at the prison and receives $23 per month in pay. It does not provide the balance in the inmate account for *each* of the six months preceding his petition before this Court. "'R.C. 2969.25(C) does not

permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id*. at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Banks' affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶6} Because Mr. Banks did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Banks. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAJUAN BANKS, Pro se, petitioner.

CHARLES E. COULSON, Prosecuting Attorney, and HARRISON L. CRUMRINE, Assistant Prosecuting Attorney, for Respondent Judge Condon.