[Cite as *State ex rel. Banks v. Doe*, 2022-Ohio-2084.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. DAJUAN
BANKS

     Petitioner

     v.

JOHN/JANE DOE, WILLOUGHBY
MUNICIPAL COURT, ET AL.

     Respondents

C.A. No.     22CA011834

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: June 21, 2022

---

PER CURIAM.

{¶1} Petitioner DaJuan Banks has filed a petition for writ of habeas corpus naming three respondents, but only asking this Court to order Respondent Keith Foley, Warden of Grafton Correctional Institution, to release him from prison. This is Mr. Banks' third attempt to file the same petition asserting the same claims against the same three respondents. All three respondents moved to dismiss. Because Mr. Banks' failed to comply with the mandatory requirements of R.C. 2969.25, the motions to dismiss are granted and the case is dismissed.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. All of the named respondents (Warden Foley, Lake County Common Pleas Court Judge Condon, and John/Jane Doe from Willoughby Municipal Court) are government entities or employees and Mr. Banks, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the

commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}    Mr. Banks failed to comply with the requirements that he file an affidavit of prior civil actions or appeals identifying all of the parties and all of the civil actions or appeals he filed in the previous five years and filing a statement of his prisoner trust account for the six months preceding the filing of his action.

*Affidavit of Prior Civil Actions*

{¶4}    An inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include a "brief description of the nature of the civil action. R.C. 2969.25(A)(1). It must also include the "case name, case number, and the court in which the civil action was brought," R.C. 2969.25(A)(2), and the "name of each party to the civil action or appeal[.]" R.C. 2969.25(A)(3). Finally, the affidavit must set forth the "outcome of the civil action or appeal[.]" R.C. 2969.25(A)(4).

{¶5}    Mr. Banks filed an affidavit of prior actions, something he failed to do in the last case that was dismissed. The affidavit of prior civil actions is incomplete, however. It fails to identify the parties to all of the prior civil actions, instead listing some of them as "et al." The affidavit also fails to include one civil action, a civil appeal in the Eleventh District Court of Appeals, as noted by the motions to dismiss. Mr. Banks did not respond to the motions to dismiss to argue that he did not fail to include that civil action in his affidavit. Accordingly, this Court concludes that Mr. Banks failed to file an affidavit of civil actions in compliance with R.C. 2969.25(A).

*Statement of Prisoner Trust Account*

{¶6} Mr. Banks did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Banks did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. Mr. Banks' filed a statement that included the balance of his account for six months, but it was not the six months preceding the filing of his petition.

{¶7} The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Id.*

{¶8} In this case, the statement of the prisoner trust account covers the period through November 2021 but this case was not filed until January 2022. Mr. Banks failed to file a statement of his prisoner trust account for the preceding six months. Because Mr. Banks failed to comply with this mandatory requirement, this Court must dismiss this action.

*Motions to Dismiss*

{¶9} All three respondents moved to dismiss. They alleged Mr. Banks failed to comply with R.C. 2969.25, as we have already reviewed above. They also set forth other reasons that the petition should be dismissed. This Court must dismiss this action because Mr. Banks failed to comply with the mandatory requirements of R.C. 2969.25. Even if this Court could consider the petition, the result would be the same: the motions to dismiss would be granted.

{¶10} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. For this Court to grant the writ, the petitioner must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996).

{¶11} "[T]he proper respondent [in a habeas corpus action] is the individual who is directly responsible for keeping the petitioner in custody, i.e., [the warden]." *Spears v. DeWeese*, 102 Ohio St.3d 202, 2004-Ohio-2364, ¶ 4. As to John/Jane Doe and Judge Condon, there is no allegation that either of those respondents are holding Mr. Banks in their custody, so habeas corpus is not appropriate as to them.

{¶12} As to Warden Foley, the motion to dismiss would also be granted. Mr. Banks has couched his argument in terms of the trial court's subject matter jurisdiction. His key argument, however, is that he is not guilty of the crimes to which he entered guilty pleas. To the extent he argues there were errors in procedure, habeas corpus "is not available to remedy nonjurisdictional errors when there is or was an adequate remedy at law." *Davis v. Hill*, Slip Opinion No. 2022-Ohio-485, ¶ 6.

*Conclusion*

{¶13} Because Mr. Banks did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Banks. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAJUAN BANKS, Pro se, Petitioner.

CHARLES E. COULSON, Prosecuting Attorney, and MICHAEL L. DELEONE and KELLY A. ECHOLS, Assistant Prosecuting Attorneys, for Respondent Judge Condon.

MICHAEL C. LUCAS, Attorney at Law, for Respondent John/Jane Doe, Willoughby Municipal Court.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent Warden Foley.