[Cite as *State ex rel. Tolliver v. Franklin Cty. Court Clerk*, 2023-Ohio-3435.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kevin A. Tolliver, | : | |
| Relator, | : | |
| v. | : | No. 22AP-90 |
| Clerk of Franklin County Courts, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on September 26, 2023

---

**On brief:** *Kevin A. Tolliver*, pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Nickole K. Iula,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS AND SUA SPONTE DISMISSAL

MENTEL, J.

{¶ 1} Relator, Kevin A. Tolliver, brought this original action seeking a writ of mandamus ordering respondent, the Franklin County Clerk of Courts, to file a complaint that he alleges he mailed but was not filed, and to perform a number of other administrative duties in that and another case. Respondent filed a motion to dismiss. The parties have various other filings pending, as outlined by the magistrate below.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we dismiss this action sua sponte because relator has failed to file the affidavit required by R.C. 2969.25 disclosing all civil actions he has filed in the past five years.

{¶ 3}   Mr. Tolliver filed no objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed).  We agree with the magistrate's conclusion that Mr. Tolliver's failure to file the affidavit mandated by R.C. 2969.25 requires dismissal of this action.  Accordingly, we adopt the decision of the magistrate, grant respondent's motion, and dismiss the action for lack of jurisdiction.

*Motion to dismiss granted;*
*action dismissed.*

BEATTY BLUNT, P.J. and DORRIAN J., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kevin A. Tolliver, | : | |
| Relator, | : | |
| v. | : | No. 22AP-90 |
| Clerk of Franklin County Courts, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 3, 2022

*Kevin A. Tolliver*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Nickole K. Iula,* for
respondent.

IN MANDAMUS
ON MOTIONS AND SUA SPONTE DISMISSAL

**{¶ 4}** Kevin A. Tolliver has filed this original action requesting that this court issue
a writ of mandamus ordering respondent, Franklin County Clerk of Courts, to (1) file the
complaint, affidavit of indigence, and request for joinder in *Kevin A. Tolliver v. The Ohio
Parole Board and Ohio Department of Rehabilitation and Corrections* (*"Tolliver"*),
received in its office by certified mail on November 22, 2021; (2) to assign a case number
within the purview of a judge and/or joinder to *Brust* (*and Grasa*) *v. Ohio Parole Board
and Ohio Department of Rehabilitation and Corrections, Franklin County*, Franklin Case
No. 21-CV3015 ("*Brust*"); and (3) send an appropriately time-stamped receipt for these

documents certifying that they have been received by the clerk via said certified receipt. The following motions are also pending: respondent's February 17, 2022, motion to dismiss; relator's March 15, 2022, motion for summary judgment/declaratory judgment; relator's April 28, 2022, motion to show cause and request for restraining order; relator's May 24, 2022, motion to strike the motion to show cause; and relator's July 12, 2022, motion to file instanter a reply to respondent's memorandum in opposition to his motion to strike.

Findings of Fact:

{¶ 5}   1. At the time of the filing of his complaint, relator was an inmate incarcerated at Grafton Correctional Institution ("GCI").

{¶ 6}   2. Respondent is a governmental entity that, among other things, accepts, processes, and manages court filings.

{¶ 7}   3. According to relator's complaint, on September 30, 2021, relator mailed to respondent a complaint against the Ohio Parole Board and Ohio Department of Rehabilitation and Correction ("ODRC") with an affidavit of indigence and request to join the case with *Brust*. However, respondent did not file the complaint.

{¶ 8}   4. According to relator's complaint, relator made three phone calls to respondent's office, and relator discussed the matter with respondent's employee. The employee indicated she could not find any record of relator's complaint.

{¶ 9}   5. According to relator's complaint, relator then sent, via certified mail, the same complaint and filings to respondent, and respondent received the certified mail on November 22, 2021.

{¶ 10} 6. According to relator's complaint, relator made two phone calls to respondent's office, and respondent's employee confirmed that the pleading was received, but it was not filed and could not be located.

{¶ 11} 7. On February 9, 2022, relator filed a complaint for writ of mandamus requesting that this court order respondent to (1) file the complaint, affidavit of indigence, and request for joinder in *Tolliver*, received in its office by certified mail on November 22, 2021; (2) assign a case number and judge to *Tolliver*; and (3) send an appropriately time-

stamped receipt for these documents certifying that they have been received by respondent via said certified receipt. Relator also filed an affidavit of indigency, indicating that he was unable to pay the costs associated with the filing of the action.

{¶ 12} 8. On February 17, 2022, respondent filed a motion to dismiss, asserting the following: (1) relator has no clear legal right to the relief requested, because relator failed to file with his complaint mailed to respondent an affidavit that contains a description of each civil action that the inmate has filed in the previous five years in any state or federal court, as required by R.C. 2969.25(A); and (2) relator has an adequate remedy at law pursuant to R.C. 2701.20, which allows a filer, whose document a clerk of courts refuses to accept because it was not required or authorized, to commence an action in or apply for an order from the court that the clerk serves requiring the clerk to accept the document for filing.

{¶ 13} 9. On March 15, 2022, relator filed a memorandum in opposition to respondent's motion to dismiss and motion for summary judgment/declaratory judgment. In the memorandum, relator contends that: (1) On February 10, 2022, respondent filed the *Tolliver* documents it received on November 22, 2021, with a filing date of February 10, 2022; (2) thus, a portion of the mandamus action is moot; however, respondent has not recorded these documents as having been filed on or about November 22, 2021, the date of the certified receipt; (3) relator never received the return of either filing from respondent and had no notice of any flaw in his filing; (4) the only issue remaining in mandamus is whether the February 10, 2022, filing in *Tolliver* should bear the filing date of November 22, 2021; and (5) the two-year statutory deadline for the complaint in *Tolliver* was December 29, 2021. Relator also requests a declaratory judgment ordering that the filing date for the *Tolliver* complaint be deemed November 22, 2021.

{¶ 14} 10. On March 22, 2022, respondent filed a memorandum contra relator's memorandum in opposition to respondent's motion to dismiss, asserting the following: (1) the documents relator mailed to respondent in September and November 2021 were rejected and notices were sent to respondent; (2) relator admits that he never received the notice of rejection mail by respondent and that an exceptional event occurred in posting that is not the fault of either party; thus, this court cannot hold respondent responsible for the independent actions of a third party; (3) this court, not respondent, has the ability to

correct clerical errors under Civ.R. 60(A), which is limited to a mistake or omission mechanical in nature and apparent on the record that does not involve a legal decision or judgment; (4) because the issue in the current case is the filing date for a complaint, no record prior to February 10, 2022, exists, and relator cannot prove that a mistake or omission in the record exists; and (5) it was relator's responsibility to ensure that his filings are timely, and relator waited 49 days to resubmit his documents after his September submission was rejected and 79 days after receiving confirmation that his November documents were received before filing his mandamus complaint.

{¶ 15} 11. On April 7, 2022, relator filed a judicial notice of uncited controlling rule and more definite statement clarifying his request for mutual agreement of dismissal, asserting the following: (1) Civ.R. 5(E) provides that if a document is rejected, the clerk will notify the filer of the deficiency; (2) respondent only "attempted" to notify relator and did not provide "actual" notice of the deficiency; and (3) respondent has presented no evidence of notification or attempted notification.

{¶ 16} 12. On April 28, 2022, relator filed a motion to show cause and request for order restraining ODRC from acting against policy established under Adm.Code. 5120-9-17, which provides that legal mail may only be opened and inspected for contraband by the correctional institution in the presence of the inmate.

{¶ 17} 13. On May 4, 2022, respondent filed a memorandum in opposition to relator's motion to show cause, in which respondent argued that this court cannot issue an order granting the motion to show cause against ODRC because ODRC is not a party to this action.

{¶ 18} 14. On May 24, 2022, relator filed a motion to strike the motion to show cause, in which he acknowledged that ODRC is not a party to this action and his motion to show cause is improper.

{¶ 19} 15. On May 31, 2022, respondent filed a memorandum in opposition to the motion to strike, claiming that relator provided no proper reason to strike the motion to show cause, and the motion to show cause appears to acknowledge that ODRC could be the party responsible for the filing delays at issue in the present case.

{¶ 20} 16. On July 12, 2022, relator filed a motion to file instanter a reply to respondent's memorandum in opposition to his motion to strike.

Conclusions of Law:

{¶ 21} The magistrate recommends that this court sua sponte dismiss relator's complaint for writ of mandamus.

{¶ 22} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

{¶ 23} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 24} However, before the magistrate addresses respondent's motion to dismiss, the magistrate must address the requirements in R.C. 2969.25. R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or

employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25 (A)(1) through (4) and (C)(1) and (2).

{¶ 25} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 26} In the present case, relator failed to file an affidavit as required by R.C. 2969.25(A). Relator also does not give any indication in his complaint that he has filed no civil actions or appeals of a civil action in the previous five years in any state or federal court. *See State ex rel. Jones v. Franklin Cty. Common Pleas Court Adm. Judge*, 10th Dist. No. 21AP-662, 2022-Ohio-1296, ¶ 8 (magistrate's decision) (finding that, if the inmate has no prior civil actions to list, no R.C. 2969.25(A) affidavit need be filed; in such cases, however, the inmate must file a statement with his complaint declaring that there are no prior civil actions to list; failure to include such a statement is grounds for dismissal under the same conditions as an incomplete or absent affidavit where one would be required), citing *Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186, 2002-Ohio-2092. Given the lack of an R.C. 2969.25(A) affidavit or any mention in his complaint that he has filed no other civil actions or appeals in the preceding five years, relator has failed to comply with R.C. 2969.25(A).

{¶ 27} Furthermore, relator has failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. In this case, in contravention of R.C. 2969.25(C), relator did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the

preceding six months, as certified by the institutional cashier. The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, relator's failure to submit a statement of his prisoner trust account is an additional ground for dismissal.

{¶ 28} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should sua sponte dismiss relator's complaint for writ of mandamus. All other pending motions are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).