[Cite as *State ex rel Sanders v. O'Brien*, 2023-Ohio-3614.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JC SANDERS

    Relator

    v.

THE HONORABLE JUDGE TAMMY
O['] BRIEN, JUDGE, SUMMIT COUNTY
COURT OF COMMON PLEAS, ET AL.

    Respondents

C.A. No.    30876

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: October 4, 2023

---

PER CURIAM.

{¶1}    Petitioner, JC Sanders, has filed a pro se petition for a writ of habeas corpus seeking an order directing Respondents, Judge Tammy O'Brien, all of the judges of the Summit County Common Pleas, and the Summit County Prosecutor's Office, to release him from custody and pay him money damages. Because Mr. Sanders' petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. All of the named respondents are government employees and Mr. Sanders, incarcerated in the Summit County Jail, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v.*

*Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Sanders failed to comply with R.C. 2969.25(C).

{¶3}    An inmate seeking waiver of filing fees, as Mr. Sanders is here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

{¶4}    Mr. Sanders filed two additional documents with his petition. He filed a Motion to Proceed In Forma Pauperis in which he asked for a waiver of the prepayment of the filing fees. The motion states that he has also filed a separate Affidavit of Indigency. The other document he filed with his petition is a Financial Disclosure Form. It includes Mr. Sanders' name, home address, and all of the assets and expenses are complete with "0" for the amount. The form is signed by Mr. Sanders, but it is not notarized.

{¶5}    Mr. Sanders did not file a statement of his prisoner trust account, as required by R.C. 2969.25(C)(1). He also did not file a notarized affidavit of indigency. "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id.* at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Sanders' Motion to Proceed In Forma Pauperis does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶6} Finally, it appears that Mr. Sanders also failed to comply with R.C. 2969.25(A) because he did not file an affidavit of his prior civil actions. This Court has determined that Mr. Sanders did not comply with the mandatory requirements of R.C. 2969.25(C), which requires this case to be dismissed, so we need not consider whether he also failed to comply with R.C. 2969.25(A).

{¶7} Because Mr. Sanders did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Sanders. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
JENNIFER L. HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JC SANDERS, Relator.