[Cite as *Bridges v. Black*, 2023-Ohio-3830.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOEL BRIDGES

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.     23CA012019

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: October 23, 2023

---

PER CURIAM.

{¶1} Petitioner Joel Bridges has filed a petition for writ of habeas corpus asking this Court to order Respondent, Warden Jennifer Black, to release him from custody. Respondent has moved to dismiss, arguing that Mr. Bridges failed to comply with the requirements of R.C. 2969.25 when filing his petition. Because Mr. Bridges failed to comply with the mandatory requirements of R.C. 2969.25, the motion to dismiss is granted.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Black is a government employee and Mr. Bridges, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and

failure to comply with them subjects an inmate's action to dismissal."). Mr. Bridges failed to comply with these requirements.

{¶3} Mr. Bridges moved for a waiver of the prepayment of the cost deposit. An inmate seeking waiver of filing fees must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

{¶4} Mr. Bridges' affidavit only states that he did not have sufficient funds to pay the filing fee. The combined form, presenting his affidavit of indigency and statement of his inmate account, included a statement from the prison cashier. That statement provides a sixth month average; it does not provide the balance in the inmate account for *each* of the six months preceding his petition before this Court. "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id*. at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Bridges' affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶5} Because Mr. Bridges did not comply with the mandatory requirements of R.C. 2969.25, the motion to dismiss is granted and this case is dismissed.

{¶6} Costs are taxed to Mr. Bridges. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
JENNIFER L. HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOEL BRIDGES, Pro se, petitioner.

DAVE YOST, Ohio Attorney General, and KATHERINE E. MULLIN, Senior Assistant Attorney Attorney General, for Respondent.