[Cite as *Wright v. Walker*, 2024-Ohio-802.]

STATE OF OHIO           )                  IN THE COURT OF APPEALS
                       )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

MICHELLE S. WRIGHT

    Petitioner

    v.

NICOLE WALKER

    Respondent

C.A. No.      31016

ORIGINAL ACTION IN
MANDAMUS

Dated: March 6, 2024

PER CURIAM.

**{¶1}** Petitioner, Michelle Wright, has filed a petition for writ of procedendo naming Judge Nicole Walker as the respondent. Because Ms. Wright's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge Walker is a government employee and Ms. Wright, incarcerated in the Summit County Jail, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Ms. Wright failed to comply with R.C. 2969.25(C) in the filing of her action.

{¶3}   Ms. Wright failed to comply with R.C. 2969.25(C).  An inmate seeking the waiver of filing fees, as Ms. Wright did in this case, must file an affidavit of indigency.  Ms. Wright did file an affidavit of indigency, but all of the lines to be completed, other than her name, are blank.  Pursuant to the statute, the affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]"  R.C. 2969.25(C)(1).  The Ohio Supreme Court has construed these words strictly:  an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each of the preceding six months*" fails to comply with R.C. 2969.25(C)(1).  (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

{¶4}   Ms. Wright filed a Financial Certificate to be completed by the institution.  Some of the blanks on the form are filled in, including her name in one place and zeros for six account balances, although the months are not noted, and for her name in another place on the form.  The form is not signed by Ms. Wright of the institutional cashier, but it is notarized.

{¶5}   R.C. 2969.25(C) requires the filing of the statement of the prisoner account to be certified by the institutional cashier.  Ms. Wright did not comply with this mandatory requirement.

{¶6}   Because Ms. Wright did not comply with the mandatory requirements of R.C. 2969.25(C), this case is dismissed.  Costs are taxed to Ms. Wright.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  Civ.R. 58.

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHELLE WRIGHT, Pro se, Petitioner.