**[Cite as *Wright v. Hall*, 2024-Ohio-804.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHELLE S. WRIGHT

    Petitioner

    v.

JUVENILE JUSTICE CENTER, ET AL.

    Respondents

C.A. No.      31014

ORIGINAL ACTION IN
PROHIBITION

Dated: March 6, 2024

PER CURIAM.

**{¶1}** Petitioner, Michelle Wright, has filed a petition for writ of prohibition naming Judge Howard E. Hall as the respondent. Because Ms. Wright's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge Hall is a government employee and Ms. Wright, incarcerated in the Summit County Jail, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Ms. Wright failed to comply with R.C. 2969.25(C) in the filing of her action.

**{¶3}** Ms. Wright failed to comply with R.C. 2969.25(C). An inmate seeking the waiver of filing fees, as Ms. Wright did in this case, must file an affidavit of indigency. Ms. Wright did file an affidavit of indigency, but all of the lines to be completed, other than her name, are blank. Pursuant to the statute, the affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each of the preceding six months*" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

**{¶4}** Ms. Wright attached a Financial Certificate to be completed by the institution. All of the blanks on the document, including those blanks that would show her account balances for each of the previous six months, are blank, except for Ms. Wright's signature and the notary's information. The statement is not signed by the institutional cashier.

**{¶5}** R.C. 2969.25(C) requires the filing of the statement certified by the institutional cashier. Ms. Wright did not comply with this mandatory requirement.

**{¶6}** Because Ms. Wright did not comply with the mandatory requirements of R.C. 2969.25(C), this case is dismissed. Costs are taxed to Ms. Wright. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHELLE WRIGHT, Pro se, Petitioner.