[Cite as *Rush v. Black*, 2024-Ohio-1403.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DEREK RUSH

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.    24CA012072

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: April 15, 2024

---

PER CURIAM.

**{¶1}** Petitioner Derek Rush has filed a petition for writ of habeas corpus seeking an order directing Respondent Jennifer Black, Warden of Lorain Correctional Institution, to release him from prison. Respondent moved to dismiss. Because Mr. Rush failed to comply with the mandatory requirements of R.C. 2969.25, this case must be dismissed.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The respondent, Warden Black, is a government employee and Mr. Rush, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

**{¶3}** Mr. Rush failed to comply with the requirement that he file a statement of his prisoner trust account showing the balance for each of the six months preceding the filing of his action.

**{¶4}** Mr. Rush did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Rush did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. Mr. Rush filed a statement that included the balance of his account in November 2023 and a summary of funds received and spent from June through November 2023. But the statement did not show the balance of the account for each of the six months preceding the filing of his petition.

**{¶5}** The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Id.*

**{¶6}** In this case, Mr. Rush failed to file a statement of his prisoner trust account for the six months preceding the filing of the action. Because Mr. Rush failed to comply with this mandatory requirement, this Court must dismiss this action.

**{¶7}** Because Mr. Rush did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Rush.

**{¶8}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DEREK RUSH, Pro se, Petitioner.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent Warden Black.