[Cite as *State ex rel. Hale v. Spatny*, 2024-Ohio-2025.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. JOSHUA E. HALE

    Petitioner

    v.

JERRY SPATNY, WARDEN

    Respondent

C.A. No.    24CA012116

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 28, 2024

PER CURIAM.

{¶1} Petitioner Joshua E. Hale has filed a petition for writ of habeas corpus asking this Court to order Respondent Jerry Spatny, Warden of Grafton Correctional Institution, to release him from prison. Because Mr. Hale failed to comply with the mandatory requirements of R.C. 2969.25, this case must be dismissed.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Spatny is a government employee and Mr. Hale, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} One of the requirements established by R.C. 2969.25 applies when a prisoner files an action and requests waiver of the prepayment of the cost of the action. Mr. Hale failed to file a statement of his prisoner trust account that complied with the requirements of the statute.

{¶4} Mr. Hale did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Hale did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. Mr. Banks' filed a statement that included the average balance of his account for six months, not the balance for each of the six months, as required by R.C. 2969.25(C). Further, the time period covered by the statement was not the six months immediately preceding the month in which the action was filed, also in violation of R.C. 2969.25(C).

{¶5} The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Id.*

{¶6} Mr. Hale failed to file a statement of his prisoner trust account as required by R.C. 2969.25(C). Because Mr. Hale did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed.

**{¶7}** Costs are taxed to Mr. Hale.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOSHUA E. HALE, Pro se, Petitioner.