[Cite as *Gilbert v. Ohio Parole Bd.*, 2024-Ohio-3352.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

ROLAND GILBERT

    Relator

    v.

OHIO PAROLE BOARD, ET AL.

    Respondents

C.A. No.     24CA012148

ORIGINAL ACTION IN MANDAMUS

Dated: September 3, 2024

PER CURIAM.

{¶1} Relator Roland Gilbert has filed a complaint for writ of mandamus seeking unspecified relief apparently regarding the transfer of a Lorain County Common Pleas Court case to Franklin County and the grant of default judgment in that case. Because Mr. Gilbert failed to comply with the mandatory requirements of R.C. 2969.25 in the filing of this case, this case must be dismissed.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The Ohio Parole Board is a government entity and Mr. Gilbert, incarcerated in the North Central Correctional Complex, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}     One of the requirements established by R.C. 2969.25 applies when a prisoner files an action and requests waiver of the prepayment of the costs of the action.  Mr. Gilbert did not comply with these requirements.  Instead, the complaint asked the clerk of courts to verify that his action complied with R.C. 2969.25.  Specifically, the complaint referenced the poverty affidavit and statement of institutional earnings previously filed in a separate civil action he filed in the Lorain County Court of Common Pleas.

{¶4}     Mr. Gilbert did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit.  Mr. Gilbert did not file an affidavit of indigency requesting waiver of the prepayment of the deposit.  R.C. 2969.25(C).  He also did not file a  statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.  R.C. 2969.25(C)(1). Finally, Mr. Gilbert did not file a statement "that sets forth all other cash and things of value" he owned at that time.  Mr. Gilbert only included a passing reference to these requirements in his complaint and a request that the clerk of courts verify that he complied with all of these requirements.

{¶5}     The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance, let alone noncompliance.  *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8. Mr. Gilbert completely failed to comply with the mandatory requirements of R.C. 2969.25(C).  Accordingly, this case is dismissed.

{¶6} Costs are taxed to Mr. Gilbert. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ROLAND GILBERT, Pro se, Relator.