[Cite as *State ex rel. Benton v. Kobasher*, 2025-Ohio-316.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO EX REL. ROOSEVELT BENTON | C.A. No. 25CA012200 |
| Petitioner | |
| v. | |
| JUDGE MELISSA KOBASHER | ORIGINAL ACTION IN HABEAS CORPUS |
| Respondent | |

Dated: February 3, 2025

---

PER CURIAM.

{¶1}    Petitioner, Roosevelt Benton, has petitioned this Court for a writ of habeas corpus to order a reduction in his pre-trial bail.  The petition names the judge in his pending criminal case, Judge Kobasher, as the respondent.  Because Mr. Benton failed to comply with the mandatory requirements of R.C. 2969.25, this case must be dismissed.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee.  Judge Kobasher is a government employee, and Mr. Benton, incarcerated in the Lorain County Jail, is an inmate. R.C. 2969.21(C) and (D).  A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

**{¶3}** R.C. 2969.25 applies when a prisoner files an action and requests waiver of the prepayment of the cost of the action. A motion to proceed without paying the cost deposit was filed along with the petition. Although the motion indicated that it included a statement of Mr. Benton's prisoner trust account, that statement was not filed.

**{¶4}** Mr. Benton did not pay the cost deposit required by this Court's Local Rules. The motion to waive prepayment of the cost deposit also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Benton did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

**{¶5}** The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Id.*

**{¶6}** No statement of the prisoner trust account was filed as required by R.C. 2969.25(C). The mandatory requirements of R.C. 2969.25 were not met, so this case must be dismissed.

**{¶7}** Because we dismiss based on the failure to comply with R.C. 2969.25, we need not consider several additional grounds upon which this case could have been dismissed. These include that the petition was defective, R.C. 2725.04, and, according to a handwritten note on several documents, Mr. Benton's mother prepared and filed legal documents on his behalf. R.C. 4705.01 ("No person shall be permitted . . . to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court. . . .").

{¶8}   This case is dismissed.  Costs taxed to Mr. Benton.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58(B).

_____
SCOT A. STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.


APPEARANCES:

ROOSEVELT BENTON, Pro Se, Relator.